Battle J.
 

 This case has been elaborately argued and
 
 *550
 
 presented in many different views by the counsel, but the only aspect in which the proof allows us to consider it makes it clear that the plaintiff is entitled to a judgment. The defendant was not a tenant of any kind to Thomas Williams, to whose title the lessor of the plaintiff succeeded, and therefore, was not entitled to any notice to quit, or demand of the possession before the action was brought.
 
 Eaton
 
 v. George, 3 Jon., 385. John Williams, the father of Thomas, was a tenant by sufferance, or rather an occupier by license of his son, because he entered upon the lots in question by the permission of his son; but, when he quitted the possession, he had no estate, or right, 'which he could transfer to another person. It does not appear that Thomas Williams ever gave the defendant permission to enter, or to remain upon the land after he had entered, or in any way recognized him as a tenant, and consequently, he might have treated him as a trespasser by suing him in an action of trespass
 
 guare ciausumfregit;
 
 or he might have brought ejectment against him without notice or demand of possession. Such being the case, it follows that the lessor of the plaintiff, as the purchaser at sheriff’s sale of Thomas Williams’ interest in the land, was entitled to the same remedies. See 2 Crabb, Real Prop., 438 (55 L. L., 280.
 

 The judgment of
 
 ‘nonsuit
 
 must be reversed, and a judgment upon the verdict entered for the plaintiff.
 

 Pee Com am. Judgment reversed.